# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### PADUCAH

| | |
|---|---|
| GABRIEL MICHELLE DUNLAP, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 5:20-cv-00159 (TBR) |
| CHOICE HOTELS INTERNATIONAL, INC., *et al.*, | ) ) ) ) |
| *Defendants.* | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff Gabriel Dunlap's Motion for Leave to File a Second Amended Complaint, (Mot. to Am.), Dkt. 65. Defendant Sleep Inn and Suites has responded, (Resp.), Dkt. 71. The time for Dunlap to file a reply has elapsed. As such, briefing is complete and this motion is ripe for adjudication.

In civil cases, district courts must issue scheduling orders under Rule 16 of the Federal Rules of Civil Procedure. The contents of the scheduling order must include a limit on the time to amend the pleadings and file motions. *See* Fed. R. Civ. P. 16(b)(3)(A). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule is designed to "ensure that 'at some point both the parties and the pleadings will be fixed.' " *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). "A scheduling order maintains orderly proceedings and is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.' " *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) (quoting *Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006)).

This Court issued a scheduling order on November 4, 2020. *See* Scheduling Order, Dkt. 15. The Scheduling Order required the parties to file motions to amend pleadings no later than March 5, 2021. *See id.* Dunlap filed this motion to amend the complaint on October 28, 2021—approximately seven months beyond the deadline. *See* Mot. to Am.

Even though Dunlap filed the motion to amend after the Rule 16 deadline for amendments had passed, Dunlap asks the Court to allow the late motion under Fed. R. Civ. P. 15(a), which states that "court[s] should freely give leave to amend when justice so requires."

Rule 16 and Rule 15 present different standards. Because of the timing of Dunlap's motion, the Court begins, as it must, by determining whether Dunlap has shown good cause under Rule 16. *See Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). The more permissive Rule 15(a) analysis only comes into play if Dunlap establishes "good cause." *See id.*

For the "good cause" requirement, the "overarching inquiry" is whether the moving party was diligent in pursuing discovery. *Marie v. Am. Red. Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)). Whether an amendment would prejudice the nonmoving party informs whether the moving party has satisfied the "good cause" requirement. *See Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). The moving party bears the burden of showing that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment. *See id.*

Therefore, to satisfy the "good cause" requirement as set out by the Sixth Circuit, Dunlap must explain why she failed to move for the amendment at a time that would not have required a

modification of the scheduling order.  *See Leary*, 349 F.3d at 908 (observing that the plaintiffs did not demonstrate good cause where they offered no excuse for their delay in seeking monetary damages, but were "obviously aware of the basis of the claim for many months"); *see also Ross*, 567 F. App'x at 306 ("A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, *without explanation*, to move to amend the complaint before the deadline." (emphasis added)).  Dunlap does not provide any explanation as to why this motion was filed seven months after the Scheduling Order deadline.  *See* Mot. to Am.  Nor does Dunlap explain why the differences between the First Amended Complaint, (Am. Compl.), Dkt. 41, and the proposed Second Amended Complaint actually require leave to amend, *see* Mot. to Amend.  Rather, Dunlap simply states that "the court should freely give leave when justice so requires," which is no explanation at all.  *Id.* (citing Fed. R. Civ. P. 15(a)).  And indeed, the First Amended Complaint and the proposed Second Amended Complaint contain the exact same counts and the exact same parties.  The difference, if any, appears to be that some alleged facts may be different between the First Amended Complaint and the proposed Second Amended Complaint.  This is not unusual.  The admissibility of facts can be challenged by motions.  In a complaint parties are not required to state all facts in support of the claims made.  As such, it appears to the Court that amending the First Amended Complaint is not necessary at this time.

Because Dunlap has failed to demonstrate to the Court why it needs to amend the complaint again, and because Dunlap can present any new facts in her motions for the claims, the Court concludes that Dunlap has failed to meet her burden and denies leave to amend. *See Wachter, Inc. v. Pitts*, No. 3:18-CV-00488, 2020 WL 606597, at *5 (M.D. Tenn. Feb. 7, 2020).

For the above stated reasons, **IT IS HEREBY ORDERED** that Plaintiff Gabriel Dunlap's Mot. to Am., Dkt. 65, is **DENIED**.

**IT IS SO ORDERED**

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 16, 2021